Gantt, P. J.
This is an application for a writ of mandamus requiring the judges of the Kansas City court of appeals to certify to this court the record in the case of A. M. Stevens Lumber Company v. Kansas City Planing Mill Company, defendant, Kansas City Lumber Company, garnishee, appellant.
The plaintiff in that case recovered judgment against the defendant in the circuit court of Jackson county, Missouri, for $1,783.14 at the April term, 1891, and in due time sued out execution and the Kansas City Lumber Company was summoned as garnishee, and, in answer to interrogatories, denied being indebted to defendant in any way, and an issue was thereupon made up and the cause tried before Judge Slover and *589 resulted in a verdict for plaintiff against garnishee for $1,082.85. Upon motion for new trial Judge Slover set aside the verdict because in his opinion it was not supported by the evidence. Thereupon the cause was removed to Judge Scarritt;s division of the circuit court and again tried before a jury and resulted in a verdict again for plaintiff for $1,433.11. Motion for new trial was made and overruled and appeal taken to the court of appeals.
At the March term, 1894, said appeal was argued by counsel on both sides, and submitted on briefs. On May 14, 1894, an opinion was filed, reversing the judgment of the circuit court. On May 25, 1894, a motion for rehearing was filed by the plaintiffs, and the same was, on June 21, 1894, sustained. On October 2,1894, at the October term, the cause was again argued and submitted, and on November 29, 1894, an opinion was filed reversing the judgment of the circuit court. The decisive question was, was there sufficient evidence of fraud on the part of the garnishee to have entitled plaintiffs to submit that issue to the jury? The substance of the opinion of the court of appeals is to be found in the following extract therefrom:
“The charge made here, when considered in connection with the evidence, is, that the defendant sold the lumber to the garnishee for the purpose and with the intent to cheat and defraud plaintiff, and that the garnishee participated in such purpose and intent. We shall address ourselves to the question whether the garnishee participated in the fraud. If there is a failure of proof in this respect, the case against the garnishee must fail, since whatever fraud upon plaintiff may have been intended, and actually practiced by the defendant in making the sale of the lumber to the garnishee, if the latter had no part in it, its purchase *590 must be upheld. Alberger v. White, 117 Mo. 347. * * * We must look, then, for evidence which shows fraud on the part of the garnishee, or a participation in the fraudulent purpose of the defendant. We find none, and are, therefore, of the opinion that the demurrer to plaintiffs evidence should have been sustained.77
This is the opinion of the majority of the court, Judges Smith and Ellison. Judge Gtll dissented, but filed no opinion.
Relator has entered into an elaborate discussion of the merits of the case, and the purpose of the constitutional provision, providing for a transfer of a case to this from that court.
The amendment to our constitution adopted on the first Monday in November, 1884 (Laws of 1883, p. 215), provides, in the sixth .section thereof, that, “when any one of said courts of appeals shall in any cause or proceeding render a decision which any one of the judges therein sitting shall deem contrary to any previous decision of any one of said courts of appeals, or of the supreme court, the said court of appeals must, of its own motion, pending the same term and not afterward, certify and transfer said cause or proceeding and the original transcript therein to the supreme court, and thereupon the supreme court must rehear and determine said cause or proceeding, as in case of jurisdiction obtained by ordinary appellate process.77
This matter properly condensed ought to be stated in a few words. The question is, does the mere fact that one of the judges of one of the courts of appeal in this state, dissents, in a case, without more, require that case to be certified here? The cases are numerous (probably actions for damages caused by alleged negligence excel in number), in which a reversal is *591 entered for want of sufficient evidence to warrant a recovery. Must every such case be certified here if one of the judges should dissent? Or, if the majority should hold that there was sufficient evidence to support a verdict, does the dissent of the remaining judge require a certification here on the ground that the prevailing opinion is contrary to the well established rule that in given cases it is the duty of the courts, to set aside a verdict as unsupported by proof?
In this case, two of the judges of the court of appeals decided that the record disclosed a state of facts which did not support the verdict in the circuit court; the other judge thought it did. But there is not a word to indicate that there was the slightest difference as to the rule of law or decision by which they were governed in reaching these opposite views. The dissenting judge nowhere intimates that he thought the view of the majority of the court was contrary to any previous decision of this court or of either of the courts of appeals. Indeed he distinctly repudiates such a view of his dissent. • Unless he did so construe the action of his brethren and stated his dissent in some authentic form so that this court could ascertain from the record that he so regarded the opinion of the majority, there is no warrant for this court’s assuming jurisdiction in the case.
Our own jurisdiction is limited in this regard and we have no right to reach out and interfere with the duties of other courts created by the same power that established and defined our own jurisdiction. Until a case arises under the constitution that authorizes this court to take cognizance of cases decided in the courts of appeals we have nothing to say about its decisions, whether we consider them right or wrong — further than we may approve or disapprove their published •utterances as we do those of other courts whose opin *592 ions are cited to us by way of authority. This has been the uniform construction of the amendment by this court. State ex rel. v. Phillips, 96 Mo. 570; State ex rel. v. Smith, 105 Mo. 6-9; State ex rel. v. Smith, 107 Mo. 527.
Nor is there any ground in the dissenting opinions in State ex rel. v. Smith, 107 Mo. 527, for the position of relator herein. The dissenting judges in that case only held that where there was a dissent, and it was based upon the ground that the majority decision was in conflict with a previous decision, it was unnecessary for the dissenting judge to certify in so many words that he deemed the opinion contrary to the prior decision, but it was sufficient if it appeared in any authentic form that this was the ground of his dissent. "We did not then nor do we now hold that a mere difference as to the probative effect of certain evidence required that court to certify its causes to this court. The writ is denied.
Sherwood and B.urgess, JJ., concur.