GIPSON, Appellant, v. POWELL et al.

Division One, February 19, 1902.

**Appellate Jurisdiction:** TRANSFER: DECISION OF ONE UNDECISIVE POINT: CANGE OF VENUE. A decision of a Court of Appeals that will authorize the transfer of the cause to the Supreme Court is a decision of the cause. A decision of one question in the case not decisive of the controversy will not authorize the transfer. Where the Court of Appeals holds that the circuit court, to which a case was taken by change of venue, had acquired jurisdiction, then before the case can be transferred, there must be a decision on the merits, for until then it can not be said that the questions relating to venue will remain in the case for decision.

Gipson v. Powell.

*Transferred from Kansas City Court of Appeals.*

RETURNED TO KANSAS CITY COURT OF APPEALS.

*O. M. Shanklin, O. G. Williams* and *Hall & Hall* for appellant.

(1) The right to change of venue is entirely of statutory regulation, and unless some authority is given by the statutes none exists. Raming v. Railroad, 157 Mo. 477; State v. Sanders, 106 Mo. 188; State ex rel. v. Wofford, 119 Mo. 408; Lewin v. Dille, 17 Mo. 64; State v. Turlington, 102 Mo. 642; Gee v. Railroad, 140 Mo. 314. (2) The application did not comply with the statutes. R. S. 1889, sec. 2260, and secs. 2261, 2262, as amended, Laws 1895, pp. 92, 93; Railroad v. Holladay, 131 Mo. 452; State to use v. Matlock, 82 Mo. 455.

*O. P. Hubbell, Harber & Knight* and *Rieger & Rieger* for respondents.

Irregularities in an application for a change of venue are waived by a party's appearing and trying the case without making an objection in the court to which the cause is sent. To raise the question whether the application is sufficient, there must be objection and exception saved both in the court granting the change and the court to which the cause is sent. Powers v. Browder, 13 Mo. 156; Speer v. Burlingame, 61 Mo. App. 75; State v. Dudley, 56 Mo. App. 452; Ivy v. Yancey, 129 Mo. 501; Moore v. Railroad, 51 Mo. App. 504; 2 Ency. of Pldg. and Prac., 612. In order to secure a change of venue a party need only comply with the "substantial requirements" of the statute. Corpenny v. Sedalia, 57 Mo. 91. The discretion of the trial court in granting a change of venue under Revised Statutes 1889, section 2259, is not subject to appellate review. He who asserts error must show it. Shoe Co. v. Hillig, 70 Mo. App. 308.

Vol 167 mo—13

VALLIANT, J.—This is a suit in equity to enjoin the defendants from prosecuting a replevin suit. It was begun in the circuit court of Grundy county and sent by change of venue to the circuit court of Daviess county, where the trial resulted in a decree for defendants, dismissing the plaintiff's bill. Plaintiff appealed to the Kansas City Court of Appeals, which court had appellate jurisdiction of the case. The order for the change of venue having been made on the application of the defendant and over the objection of the plaintiff, one of the questions in the record relate to the sufficiency of that application and validity of that order, the plaintiff maintaining that the application was insufficient, the order unwarranted, and that the circuit court of Daviess county had no jurisdiction to try the cause. When the cause reached the Kansas City Court of Appeals, that court decided that the Daviess Circuit Court had jurisdiction of the case, but one of the judges being of the opinion that that decision on that point was contrary to the decision of this court in Gee v. Railroad, 140 Mo. 314, that court proceeded no further with the case, but transferred it to this court for determination.

The language of our Constitution, section 6, amendment of 1884, is: "When any one of said Courts of Appeals shall in any cause or proceeding render a decision which any one of the judges therein sitting shall deem contrary to any previous decision of any one of said Courts of Appeals, or of the Supreme Court, the said Court of Appeals must, of its own motion, pending the same term and not afterward, certify and transfer said cause or proceeding," etc., to the Supreme Court.

A decision in the Court of Appeals that will authorize a transfer of the cause to this court under that clause of the Constitution is a decision of the cause. A decision of one question in the case not decisive of the controversy will not authorize the transfer. In the case at bar, if the decision on the particular question had been that the circuit court of Daviess county had not jurisdiction, that would have been decisive of

the controversy, and would have resulted in annulling the judgment, and if one of the judges sitting had been of the opinion that that decision was contrary to a previous decision of this court, the cause was transferable. But deciding that the Daviess Circuit Court had jurisdiction, left the proceeding and judgment of that court open to review.

Until the case is decided on its merits we can not know that the questions relating to the change of venue will remain in it for decision. As the change of venue was made on application of the defendants they are not in position to say it was wrong, and if the decision in the Court of Appeals on the merits should be in favor of appellant, he can not question it, therefore there would be no litigated point to certify to this court.

The cause is returned to the Kansas City Court of Appeals. All concur.