## S. A. KELLER et al., Plaintiffs in Error, v. R. F. SUMMERS.

Division One, December 2, 1914.

1. **APPELLATE JURISDICTION: Disagreement of Judges of Court of Appeals.** Upon a transfer of a cause from a Court of Appeals to the Supreme Court in the method prescribed by Sec. 6 of the Amendment of 1884, the latter court has complete and sole jurisdiction.

2. ————: ————: **Words Used By Judge: Use of Word Decision.** It is not necessary that the judge of a Court of Appeals who deems its decision in a certain cause to be in conflict with some prior decision of the Supreme Court or another Court of Appeals, to employ any stereotyped terms to express that idea. It is not even necessary that he use the word "decision." If he in clear terms says that "to reverse the judgment in this cause would be in conflict with" certain mentioned cases either of the Supreme Court or a Court of Appeals, that is sufficient.

3. ————: ————: **Opinion Means Decision.** Within the meaning of Sec. 6 of the Constitutional Amendment of 1884, declaring that "when any one of said Courts of Appeals shall in any cause or proceeding render a decision which any one of the judges therein sitting shall deem contrary to any previous

decision of any one of said Courts of Appeals, or of the Supreme Court," the cause shall be transferred to the Supreme Court, an opinion in which a majority of the judges of a Court of Appeals concur, is a "decision." It was the principles of law announced and adjudications made that concerned the framers of the amendment, and they are found in opinions.

4. ——: ——: Whole Case. When a cause is certified to the Supreme Court by a judge of a Court of Appeals on the ground that he deems its decision to be in conflict with some previous decision, etc., the whole case is for review, just as if it had never been considered by said Court of Appeals.

5. PUNITIVE DAMAGES: No Actual Damages. Punitive damages may be recovered where a proper basis therefor is laid in the petition and proved, although the plaintiff recover only nominal actual damages.

6. ——: Recovery on Grounds Not Pleaded: Fraud: Larceny. Where the petition charged that defendants obtained plaintiff's certificate of deposit for $300 by fraud, conspiracy and procuring him to become drunk and a party to a gambling game, but did not impute to them the technical crime of larceny, an instruction, property hypothesizing the conditions upon which he can recover actual damages, is error if it authorizes the jury to return a verdict for punitive damages if they believe the defendants had stolen the certificate.

7. ——: ——: Segregated Error. But the error of a verdict for punitive damages authorized by an instruction on a ground not pleaded, does not affect that part of it for actual damages, and the finding for punitive damages being capable of segregation from the rest of the verdict, the judgment will be affirmed, notwithstanding said erroneous instruction, if plaintiff will file a *remittitur* of the punitive damages.

Error to Jasper Circuit Court.—*Hon. Haywood Scott,* Judge.

AFFIRMED (*conditionally*).

*M. R. Lively* for plaintiffs in error.

*H. W. Currey, George V. Farris* and *W. J. Owen* for defendant in error.

## STATEMENT.

This suit was decided by the Springfield Court of Appeals by the affirmance of the judgment for plaintiff on the second count of his petition and the reversal and remanding of his judgment on the fourth count of his petition. One of the members of that court dissented to the reversal and remanding in a written opinion, setting forth the grounds of his dissent and stating that "to reverse that part of this judgment," etc., "is also in direct conflict with Cartwright v. Culver, 74 Mo. 179, . . . and also in direct conflict with Foster v. Railroad, 115 Mo. 165." Thereupon the majority opinion concludes, to-wit: "*Self,* Special Judge, concurs: *Cox, J.,* dissents as to that part of the opinion revers ing and remanding the cause on the fourth count of the petition; and requests that the cause be certified to the Supreme Court, and it is so ordered. *Gray, J.,* not sitting." [Summers v. Keller, 152 Mo. App. 626, 646, 651.]

As shown in the two opinions of the judges of the Springfield Court of Appeals, this cause was lodged there after a writ of error had been sued out in the Kansas City Court of Appeals by the defendants in a judgment in favor of plaintiff in the circuit court of Jasper county, by the transference of the cause to the Springfield Court of Appeals. It is shown by the record and briefs in the latter court that the three first counts of plaintiff's petition were different statements of a cause of action for the alleged recovery by defendants of a certificate of deposit for $500; that the next three counts were for the values of a certificate of deposit for $300; and that the seventh count was dismissed on the trial.

Plaintiff prayed actual and punitive damages separately on both causes of action and alleged in each a proper basis for the recovery of both measures of relief. Plaintiff had judgment on the first cause of ac-

tion for $507.50 actual, and $937.50 punitive, damages. On the second cause of action plaintiff recovered $314.50 as actual and $562.50 as exemplary damages.

The first recovery was rendered on count number two of the petition and the second on count number four. So far as necessary the language and scope of these counts will be adverted to in the opinion. The cause is here under the above quoted order of the Springfield Court of Appeals, based upon the above quoted dissenting opinion of one of its judges and his request for its certification and transfer.

## OPINION.

## I.

BOND, J. (After stating the facts as above).—Although no question is made by either of the counsel in this case as to the acquisition of jurisdiction of this court, it is not improper that we should determine that for ourselves before considering the merits of the writ of error by which the cause was taken to the Springfield Court of Appeals. By section six of the Amendment of the Constitution adopted in 1884, specific provision is made by that instrument for the certification and transfer of any case or proceeding pending in any court of appeals to this court, and in the event that method is complied with, this court acquires the same jurisdiction of such case or proceeding as if it had been rightfully brought here by appeal or writ of error from the trial court, and must rehear and determine it. To vest jurisdiction in this constitutional mode it is necessary: First, that the particular court of appeals where the case or proceeding is pending shall render a decision therein, not a mere ruling on a preliminary or interlocutory motion which is not decisive of the case (Gipson v. Pow-

*Certification of Case to Supreme Court by Court of Appeals.*

ell, 167 Mo. 192); second, some one of the judges of that court must state of record by adequate terms, that he deems the decisions of the majority of the court of appeals contrary to a previous decision of this court or some one of the courts of appeals; third, upon the filing of such a statement by one of its judges the court of appeals must, of its own motion pending the same term, certify and transfer said case or proceeding and the original transcript therein to the Supreme Court; fourth, this procedure was devised to prevent disharmony in the rulings of the appellate courts of this State and to enforce in all others the paramount authority, of the "last previous rulings of the Supreme Court on any question of law or equity." [Ex parte Conrades, 185 Mo. 411.]

It has been uniformly held in this State since the adoption of this constitutional provision that this method of transfer of jurisdiction is accomplished solely by the statement of one of the judges of a court of appeals that he deems the ruling on which its judicial action is taken, to be contrary to the previous ruling of this court or some court of appeals. He is not required under the Constitution to employ any set or stereotyped terms to express that idea. It is only necessary that in some authentic way he declares his opinion of the contrariety of the court of appeals with a subsisting previous opinion of this court or some one of the courts of appeals. It does not at all affect the displacement of jurisdiction by this process that the judge so stating should be in error in his opinion or mistaken as to the fact. It is enough to oust the jurisdiction of the court of appeals in any case or proceeding for one of the judges to say in proper words and of record that its decision of any case is in conflict with an unreversed ruling of this court or any one of the courts of appeals. [State ex rel. v. Philips, 96 Mo. 570; State ex rel. v. Smith, 107 Mo. l. c. 531; Clark v. M. K. & T. Ry. Co., 179 Mo. 66; Wilden v. McAllister.

178 Mo. 732; Rodgers v. Fire Ins. Co., 186 Mo. 248; Bradley v. Milwaukee Mech. Ins. Co., 163 Mo. 553, 559; State ex rel. v. Smith, 129 Mo. 585; Smith v. M. P. Ry Co., 143 Mo. l. c. 38.]

In the case at bar the dissenting judge stated of record that "to reverse" this case as his colleagues did "was in direct conflict" with two decisions (naming them) of this court. If there is any potency in words to convey the idea that he thought the decisions of his associates to be contrary to the decisions of this court, then the above terms did express that opinion on the part of the dissenting judge. He could not have expressed that thought more clearly nor distinctly if he had copied the language of the Constitution. It is idle to say that he should have used the word "decision" instead of the words "to reverse" when speaking of the action of the court which he said was "in direct conflict" with the previous decisions of this court. To reverse a case is to decide it; and to speak of a reversal is to speak of a decision, for there can be no reversal without a decision "to reverse." Hence, when Judge Cox stated that the reversal of this case was "in direct conflict" with two mentioned decisions of this court, he, in effect, stated in the clearest and most unequivocal form that the court of which he was a member had rendered a decision—the *causa causans* of its reversal—which was "in direct conflict" with the rulings of the two cited cases in this court.

Neither is there any logical force or value in the suggestion that a "decision" is the judgment of a court and its "opinion" is the mere reason for its judgment. The words "decision" and "opinion" are used interchangeably in juridical literature and especially in many of the cases cited above where this provision of the Constitution was under review. By the use of the word "decision" the Constitution-makers plainly meant the opinions of the respective courts of appeals in conformity to which their judgment or decretal or-

der was made. The Constitution was not concerned with the sums of money awarded to the plaintiff or other decretal orders of the courts further than these were the consequence of the principles of law and equity announced in the opinion or decision and upon which they were based. What the Constitution designed to prevent was repugnancy of rulings between courts of appeals or between them and the Supreme Court, and by "rulings" it meant expositions of the law or the legal reasons upon which the courts rested their judgment on the questions presented or the issues joined. To make these the same, the constitutional provision under review provided that the courts of appeals should have no right to decide a case when any judge of that body stated its decision or opinion, upon which it rendered a judgment, was contrary to a previous ruling of this court or any one of the courts of appeals. It was harmony of doctrine and adjudication which this clause of the Constitution was framed to safeguard, and that was the sole idea, object and extent of section six of the Amendment of the Constitution of 1884. It was the legal antecedents of the judgments of the courts of appeals which the Constitution desired to control, so as to render the jurisprudence of this State a symmetrical and harmonious body of law for the administration of equal justice, measured by the same standards, in all the courts of the State.

In the instant case the cause has come before this court in full accord with the constitutional duty of the Springfield Court of Appeals to certify and transfer it here upon the statement of record of one of its judges that the opinion of his associates was "in direct conflict" with two decisions of this court, and we take jurisdiction of the entire cause. For, although the dissenting judge stated in substance that the action of his associates in reversing a part of plaintiff's recovery was contrary to the decisions of this court, yet, it is

shown by the record that both of plaintiff's causes of action arose out of the same transaction and as that transaction must come before us for review as to one of plaintiff's causes of action it is our duty to determine it with reference to all of the relief claimed by plaintiff. When a cause is sent to this court under this provision of the Constitution it is not transferable by piece-meal, but under the very language of the Constitution this court is possessed of full jurisdiction and "must rehear and determine said cause or proceeding, as in case of jurisdiction obtained by ordinary appellate process." [Const. Am. 1884, sec. 6.] This makes this court the final arbiter of the cause just as if it had been properly appealed to this court after the judgment in the circuit court, and furnishes a salutary rule whereby an appeal or writ of error must be finally determined by one appellate court whose opinion will be the single guide for the trial court in any subsequent proceedings in the cause.

## II.

This case was given careful consideration by the Springfield Court of Appeals as is shown by the full opinion written by Judge Nixon and concurred in by a special judge and the dissenting opinion of Judge Cox. The facts and issues are fully stated in the report of the case in 152 Mo. App. 626, and we will not restate them further than to show the grounds of our decision. The gravamen of plaintiff's two causes of action was the recovery against defendants, who were charged to be fraudulent conspirators in the conversion of the amounts of two certificates of deposit for the respective sums of $500 and $300, which were issued to the plaintiff for money, which he had earned as a mine-worker, and deposited in two banks. The pith of plaintiff's complaint is that one of the defendants became aware of his possession of the two certificates

and at once invited him to the drinking saloon kept by the other, well knowing his weakness for drink and that he lost his senses when he yielded to it; that after plying him with drink he was enticed into a back room to gamble with the two defendants; that he was made very drunk and his two certificates of deposit were taken from his coat pocket without any consideration and without his knowledge by the fraudulent schemes of the two defendants; that one of them thereafter indorsed plaintiff's name on the backs of plaintiff's certificates and received the money due upon them from the banks and did not deliver it to plaintiff.

The two counts (numbers 2 and 4) of plaintiff's petition upon which plaintiff recovered judgment against defendants, alleged not only the elements for a recovery of actual damages, but also the elements of fraud, malice, oppression and conspiracy on the part of the defendants in perpetrating their joint schemes for obtaining plaintiff's money as a basis for punitive damages. In the full and learned opinion of Judge NIXON, all the points insisted upon by the plaintiff in error relating to the judgment on the second count, were properly adjudged. This conclusion of the Springfield Court of Appeals affirming the verdict and judgment on that count of the petition is approved by us, though we do not approve of some of the views expressed in that opinion which, as we understand them, condition the right to recover exemplary damages upon a recovery of substantial actual damages. That is an inexact statement of the rule. Punitive damages may be recovered where a proper basis therefor is laid in the petition and proved, although the plaintiff recovers only nominal actual damages. [Ferguson v. Chronicle Pub. Co., 72 Mo. App. l. c. 466; 2 Sutherland on Damages, sec. 406; Lampert v. Drug Co., 238 Mo. l. c. 418.] In the latter case the learned opinion of ROY, C., reviewed fully the authorities in this State and elsewhere, and reaches the correct con-

clusion that "a verdict for nominal actual damages will support a verdict for punitive damages."

## III.

But we do not concur in the disposition made by the majority opinion of the Springfield Court of Appeals of the recovery which defendant in error had under the fourth count of his petition. The substance of the allegations in that count of the petition, while charging the obtention of the $300 certificate by fraud, conspiracy and procuring the owner to become drunk and a party to a gambling game, did not impute to the defendants the technical crime of larceny. The instruction given for defendant in error on that count properly hypothesized the conditions upon which he could recover actual damages, but it went beyond that and permitted the jury to find punitive damages if they believed the defendants had *stolen* the $300 certificate of deposit. That part of the instruction relative to punitive damages was not warranted by the particular averments of the fourth count of the petition upon which it was based and should not therefore have been given. But this error could not have prejudiced the plaintiffs in error except to the extent of permitting a recovery of punitive damages on grounds not pleaded in the fourth count of the petition. It did not in any way affect their liability for actual damages, as to which the jury was correctly instructed by instruction number two. The error in the portion of that instruction relating to punitive damages is entirely curable by exscinding from the verdict of the jury the award made by them of $562.50 as exemplary damages in their verdict on the fourth count of the petition. In all other respects we hold (as all the members of the Springfield Court of Appeals), that defendant in error is entitled to an affirmance of the judgment recovered by him in the circuit court. If, therefore, the

defendant in error will within the next ten days enter a *remittitur* of $562.50 of the judgment rendered in his favor in the trial court, the remainder of that judgment will be affirmed, otherwise this cause will be reversed and remanded for a new trial. All concur.