EVA M. EDWARDS v. CHARLES D. BELL, Doing Business as MODEL TOWEL SUPPLY COMPANY, Appellant.—123 S. W. (2d) 83.

Division Two, December 20, 1938.*

*F. H. Richart, Arthur Popham, Alfred Shortridge* and *Bruce Barnett* for appellant.

*Kelsey Norman, Alfred K. Lee* and *Henry Warten* for respondent.

WESTHUES, C.—This case was certified to this court by the Springfield Court of Appeals upon the request of the Honorable Robert J. Smith, one of the judges of that court. The request in a memorandum opinion reads:

"I respectfully dissent from the opinion heretofore rendered in this cause, and dissent from the order overruling the motion for rehearing, and ask that the cause be certified to the Supreme Court, because I deem the opinion and the order of court on the motion for rehearing to be in conflict with the cases hereinbefore cited and mentioned."

The case is reported in 103 S. W. (2d) 315, and the opinion of SMITH, J., will be found at page 323. The record, as to the disposition

*NOTE: Opinion filed at May Term, 1938, August 17, 1938; motion for rehearing filed; motion overruled at September Term, December 20, 1938.

of the case in the Court of Appeals, shows the following: At the March Term, 1937, an opinion prepared by ALLEN, P. J., was adopted by the court, SMITH, J., concurring therein. FULBRIGHT, J., did not participate in the determination of the case. On a motion for rehearing, SMITH, J., withdrew his concurrence and wrote what he termed a dissenting opinion. A portion thereof, pertaining to the question now in our minds, reads as follows:

"I therefore withdraw my concurrence in the opinion as handed down, and wish to be marked as dissenting in the result therein reached. I also dissent from the order overruling the motion for rehearing."

That left the opinion prepared by ALLEN, P. J., without a concurring vote, and therefore it could not be an opinion of the court. It is evident that no decision was reached. The Constitution, authorizing the certification of a case from the Courts of Appeals, which is Section 6, Article VI, Amendment of 1884, reads as follows:

"When any one of said Courts of Appeals shall in any cause or proceeding render a decision which any one of the judges therein sitting shall deem contrary to any previous decision of any one of said Courts of Appeals, or of the Supreme Court, the said Court of Appeals, must, of its own motion, pending the same term and not afterward, certify and transfer said cause or proceeding and the original transcript therein to the Supreme Court, and thereupon the Supreme Court must rehear and determine said cause or proceeding, is in case of jurisdiction obtained by ordinary appellate process; and the last previous rulings of the Supreme Court on any question of law or equity shall, in all cases, be controlling authority in said Courts of Appeals."

The Constitution plainly reads, that when a Court of Appeals "shall in any cause or proceeding render a decision" then a judge, who is of the opinion that the *decision of the court* is contrary to any previous decision of any one said Court of Appeals or of the Supreme Court, may request that the case be certified. Now, the Constitution uses the word "decision" and not "opinion." The argument may be advanced that "decision" and "opinion" are used interchangeably and in law mean the same. We notice in 46 Corpus Juris, 1118, note 16, the following:

"In Missouri it seems that no distinction exists. Keller v. Summers, 262 Mo. 324, 171 S. W. 336, 338 ('neither is there any logical force or value in the suggestion that a "decision" is the judgment of a court, and its "opinion" is the mere reason for its judgment. The words "decision" and "opinion" are used interchangeably in juridical literature'); In re Clark, 208 Mo. 121, 106 S. W. 990, 998, 15 L. R. A. (N. S.) 389 ('in a close and strict sense . . . a

term indicating a decision of a court upon pleadings and facts duly presented in a cause')."

That is correct only in a limited sense. An opinion may be the decision of the court when the court is composed of two or more judges, only when it is adopted by a carrying vote of the judges. Until then it is only the opinion of its author. Had the framers of our Constitution used the word "opinion" in place of "decision" it would not have altered the situation, because until the opinion is adopted by the court it is not its product. When it is so adopted it becomes the decision of the court. We have not noticed a case where this identical question has been before this court. However, in Keller v. Summers, 262 Mo. 324, 171 S. W. 336, l. c. 337, this court stated what was necessary to vest this court with jurisdiction under the provisions of Section 6, Article VI, Amendment of 1884. Note what the court said:

"Although no question is made by either of the counsel in this case as to the acquisition of jurisdiction of this court, it is not improper that we should determine that for ourselves before considering the merits of the writ of error by which the cause was taken to the Springfield Court of Appeals. By Section 6 of the amendment of the Constitution adopted in 1884, specific provision is made by that instrument for the certification and transfer of any case or proceeding pending in any Court of Appeals to this court, and in the event that method is complied with, this court acquires the same jurisdiction of such case or proceeding as if it had been rightfully brought here by appeal or writ of error from the trial court, and must rehear and determine it. To vest jurisdiction in this constitutional mode it is necessary: First, that the particular Court of Appeals where the case or proceeding is pending shall render a decision therein, not a mere ruling on a preliminary or interlocutory motion which is not decisive of the case (Gipson v. Powell, 167 Mo. 192, 66 S. W. 969) ; second, some one of the judges of that court must state of record by adequate terms that he deems the decision of the majority of the Court of Appeals contrary to a previous decision of this court or some one of the Courts of Appeals; third, upon the filing of such a statement by one of its judges, the Court of Appeals must, of its own motion pending the same term, certify and transfer said case or proceeding and the original transcript therein to the Supreme Court."

The framers of our Constitution foresaw that the Courts of Appeals might be confronted with a situation as in this case. A remedy was provided. Note Section 11, Article VI, which reads as follows:

"If, in any cause pending in the. Supreme Court, or the St. Louis Court of Appeals, the judges sitting shall be equally divided in opinion, no judgment shall be entered therein based on such division; but the parties to the cause may agree upon some person, learned in the law, to act as special judge in the cause, who shall therein sit with the court, and give decision in the same manner and with the same effect as one of the judges. If the parties cannot agree upon a special judge, the court shall appoint one."

We hold, therefore, that we do not have jurisdiction of this case. It is ordered that the same be retransferred to the Springfield Court of Appeals. *Cooley, C.,* concurs; *Bohling, C.,* absent.. .

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.