**LAMBROS et al. v. YOUNG, President of Board of Com'rs, et al.**

No. 8845.

United States Court of Appeals

District of Columbia.

Argued Oct. 4, 1944.

Decided Oct. 30, 1944.

Mr. Leslie C. Garnett, of Washington, D. C., with whom Mr. David A. Hart, of Washington, D. C., was on the brief, for appellants.

Mr. Vernon E. West, Principal Assistant Corporation Counsel, District of Columbia, of Washington, D. C., with whom Messrs. Richmond B. Keech, Corporation Counsel, District of Columbia, and Chester H. Gray, Assistant Corporation Counsel, both of Washington, D. C., were on the brief, for appellees. Mr. John O'Dea, Assistant Corporation Counsel, of Washington, D. C., entered an appearance for appellees.

Before MILLER, EDGERTON and' ARNOLD, Associate Justices.

ARNOLD, Associate Justice.

The appellants are restaurant keepers in the city of Washington who hold a Retailer's Class "C" liquor license. In July, 1944, the Alcoholic Beverage Control Board of the District of Columbia (hereinafter referred to as the ABC Board), after a hearing on charges that appellants had served alcoholic drinks to minors, revoked the license. This decision was by a divided vote of two to one. An appeal was taken to the Board of Commissioners of the District of Columbia. When it was heard one of the three Commissioners was absent on account of illness. After argument before two Commissioners the following action was taken:

"The Commissioners of the District of Columbia, (Commissioner Guy Mason not present as a result of illness) on appeal of Harry Lambros and George Sachlis, through their attorneys Leslie C. Garnett and David Hart, 'from the action of the Alcoholic Beverage Control Board in revoking the Retailer's Class 'C' license, #286, issued to them, after oral argument, have carefully considered the record in this case and sustained the vote of the Alcoholic. Beverage Control Board by the following votes: one vote to uphold the action of the Alcoholic Beverage Control Board and one vote not to uphold the action of the Alcoholic Beverage Control Board." Appellants filed a petition for rehearing on the above order before a full Board. It was denied by the same two Commissioners.

Appellants then filed a complaint in the District Court seeking to enjoin the enforcement of the order of the ABC Board revoking their license. This is an appeal from an order of the court below dismissing that complaint.

Two questions are presented. First, whether a one to one vote by the Commissioners of the District is a final determination of an appeal from the action of the ABC Board revoking a license. Second, whether, in the event such an evenly divided vote does not constitute a final decision, appellants are entitled to an injunction against the order of the ABC Board.

The statute governing appeals to the Board of Commissioners of the District of Columbia from the Alcoholic Beverage Control Board reads as follows:

"The right, power, and jurisdiction to issue, transfer, revoke, and suspend all licenses under this chapter shall be vested solely in the board, and the action of the Board on any question of fact shall be. final 'and conclusive; except that, in case a license is revoked or is suspended for a period of more than thirty days by the Board, the licensee may, within ten days after the order of revocation, or the order of suspension for a period of more than thirty days is entered, appeal in writing to the Commissioners to review said action of the Board, the hearings on said appeal to be submitted either orally or in writing at the discretion of the Commissioners, and the Commissioners shall not be required to take evidence, either oral, written, or documentary. *The decision of the Commissioners on any question of fact involved in such appeal shall be final and conclusive.* Pending such appeal, the license shall stand suspended unless the Commissioners shall otherwise order." (Emphasis supplied.)[1]

██ We believe that the italicized sentence in the above statute providing that the decision of the Commissioners on questions of fact should be final means that the Board of Commissioners must actually make such a decision. The order of the

[1] D.C.Code, 1940, § 25—106.

Board does not purport to decide the facts or even to consider them. It simply announces that there is one vote to "uphold" the action of the Board and one vote "not to uphold" it. We do not believe that a one to one vote upholding the Board can be considered as a decision of fact contemplated by the statute.

It is argued on behalf of the Commissioners that we should read into this statute the judicial rule which requires the affirmance of the judgment or order of a trial court when an appellate court is evenly divided. But this rule is not applicable to this case because the statute requires the Commissioners to reach a decision on questions of fact. A *decision* involves reaching a conclusion.[2] Where no conclusion is reached nothing is decided. Even in judicial proceedings the action of a divided court is not a *decision*.[3] It does not affirm the *decision* of the court below. Instead, it affirms the *order* or *judgment* or *decree* of the court below. This is not because the appellate court has decided the case. It is, rather, because the appellate court has been unable to decide the case and therefore cannot reverse the lower court's judgment or decree. But this kind of affirmance is not a decision on the facts or law. Neither does it indicate an approval of the lower court's conclusions of fact or law. For this reason the rule cannot be applied to the statute in this case which requires the administrative tribunal to make a *decision* on questions of fact.

Even if the judicial rule could be applied by analogy we should be slow to read rigid judicial precedents into an administrative statute. One of the purposes of administrative law is to permit a more elastic and informal procedure than is possible before our more formal courts. The result for which the Commissioners argue here is inelastic and seems to us unfair. It deprives appellants of their license in a case where the Commissioners have been unable to reach a conclusion whether they are guilty or innocent of the criminal charges which justify revocation of their right to carry on their business.

We can find no reasons of convenience in administering the liquor laws which justify taking from appellants the right to a decision on the facts, which the statute gives them. Of course, it would be unfortunate if a licensee found guilty of violations of law by the ABC Board should continue to sell liquor during a period when, because of unavoidable circumstances, the Commissioners were unable to reach a decision. But the statute expressly provides against this result. Prior to a final decision of the Commissioners the license of any person appealing from the ABC Board is suspended. Therefore, the effect of a one to one vote is an interim affirmance of the Board. No consideration of public protection requires giving it further scope by indulging in the legal fiction that it is a final decision on the facts.

The second question is whether appellants are entitled to an injunction in this case. From what we have just said it is clear that no injunction should issue for any period while the failure of the Commissioners to reach a decision was caused by unavoidable circumstances such as the absence of a Commissioner or the necessary delay in considering and deciding the case. But it is equally clear that the Commissioners have no right to cause the suspension of the license to continue indefinitely by arbitrarily refusing finally to decide the issue of fact.

It follows that an injunction should issue against the enforcement of the order revoking appellants' license which will terminate when the appeal is reinstated. After the appeal is reinstated the license should stand suspended during the time reasonably necessary for the Commissioners to reach a final decision.

Reversed and remanded for further proceedings in accordance with this opinion.

Reversed and remanded.

---

[2] "The decision (findings of fact and conclusions of law) is the basis upon which the judgment of the court rests. * * *" Mosley v. Magnolia Petroleum Co., 1941, 45 N.M. 230, 114 P.2d 740, 747.

[3] A provision of the Constitution of the State of Missouri authorizes certification of a case to the Supreme Court from a Court of Appeals when a judge of that court is of the opinion that the "decision" of the court is contrary to a previous decision of any Court of Appeals or the Supreme Court. Mo.R.S.A.Const. Amend. 1884, § 6. The Supreme Court of that State held that the provision did not authorize certification of a case which was originally determined by only two judges of the Court of Appeals and from the opinion in which one of the two judges withdrew his concurrence on rehearing, since no "decision" was reached. Edwards v. Bell, 1938, 343 Mo. 824, 123 S.W.2d 83.