Joseph F. DUKE, Sr., Respondent,

v.

PLACKE CHEVROLET, INC., and
Don Placke, Appellants.

No. 54433.

Supreme Court of Missouri,
Division No. 1.

June 9, 1969.

Henry G. Morris, St. Louis, for respondent.

Goldenhersh & Newman and Leo M. Newman, St. Louis, for defendants-appellants.

LAURANCE M. HYDE, Special Commissioner.

■ Action for $475.00 actual and $25,000.00 punitive damages. Defendants had a counterclaim for $173.18. The court refused to submit punitive damages and plaintiff had a verdict for $397.50 for actual damages and in his favor on defendants' counterclaim. The court sustained plaintiff's motion for new trial on the ground "plaintiff should have had the issue of punitive damages passed upon by the jury." Defendants appealed from this order to the St. Louis Court of Appeals which properly transferred the case here because "the request for $25,000.00 punitive damages places the jurisdiction in the Supreme Court." Art. V, § 3, Mo.Const., V.A.M.S.; § 477.040, RSMo 1959, V.A.M.S.

Plaintiff's claim is that defendants wrongfully seized his automobile while it was parked in front of his home and kept it for 36 days. Defendants admitted taking possession of the car, claiming the right to do so under a chattel mortgage for $173.18 which plaintiff had not paid, and sought judgment against plaintiff for that amount. The $173.18 was claimed to be for repairs on a car plaintiff traded for the car later seized by defendants. Plaintiff denied owing this amount or executing a chattel mortgage for it and the jury found for him on this issue as well as on his claim for actual damages. For the reasons hereinafter stated, we affirm the order granting a new trial.

In January 1964, a car owned by plaintiff, which had been purchased from defendants, was damaged in a collision and was towed to defendants' garage. A deal was made for a new car when plaintiff went there but the parties disagree as to the terms of that transaction. Plaintiff's version was that he went there to get his car repaired but defendants offered him a new car on lesser

monthly payments than he was making on the one he had. He accepted this deal and two days later he went back and got the new car he had chosen. He said: "I * * signed one chattel mortgage to the GMAC and that was all I signed." He also said he signed no repair order on the old car and nothing was said about repairs to it. Plaintiff said his old car was taken in on the trade "as is." Plaintiff settled his claim for both his injuries and car damage with the insurance company which had insured the other person involved in the collision. He later received a check for $173.18 from his insurance company for his car damages ($223.18—$50.00 deductible) but he sent it back because his settlement had included his car damage.

Defendants' evidence was that plaintiff signed no repair order for the damaged car he traded but that the cost of repairs was approved by the adjustor for plaintiff's insurer. Defendants claimed the agreement was that in addition to trading in his old car and executing the GMAC mortgage plaintiff would turn over his insurance check for repairs to his old car which would be for the amount of the repairs less $50.00 deductible. Defendants also claimed that plaintiff signed a chattel mortgage for that amount ($173.18) although defendant Don Placke, who handled the transaction, made conflicting statements in his testimony in his deposition and at the trial about whether he saw him sign it. Both plaintiff and his daughter, who was with him when the trade was made, testified that the signature on the $173.18 chattel was not his signature. The original copy of this chattel, which was produced when depositions were taken, was lost and only copies were produced at the trial. The chattel under which defendants claim had no date on it and no mortgagee or payee was designated. Although designated at the top "Retail Installment Contract (chattel mortgage)" it provided for "1 installments of $173.18 each, commencing on or before 4/15, 1964." The GMAC mortgage was dated January 15, 1964. This contract form states "notice to the mortgagor: Do not sign this contract * * *

if it contains any blank spaces." This claimed contract contains many blank spaces which are not filled in or marked out and it was not signed by the mortgagee at the place designated for the mortgagee to sign. It was never filed for record and was hardly in condition for filing. Defendants claim it to be a second chattel mortgage to the GMAC mortgage. The copy in evidence purports to designate the 1964 Chevrolet described in the GMAC mortgage but it is not claimed that plaintiff was given a copy of it as was done when plaintiff signed the GMAC mortgage. Defendants had sent plaintiff statements many times for $173.18 and had telephoned him about it but he always denied owing them anything.

Defendants contend the circumstances of this case do not warrant the submission of punitive damages, citing Thomas v. Commercial Credit Corporation, Mo.App., 335 S.W.2d 703; Commercial Credit Corporation v. Blau, Mo.Sup., 393 S.W.2d 558; Booth v. Quality Dairy Co., Mo.App., 393 S.W.2d 845. The Booth case did not involve taking of property but was for failure to furnish a service letter in compliance with § 290.140, RSMo, V.A.M.S. The court reversed a judgment for both actual and punitive damages because plaintiff's own testimony showed he had not been refused employment for lack of a service letter but remanded because there was evidence of refusal to give a service letter which could authorize nominal actual damages and punitive damages. The court cited our decisions (393 S.W.2d, l.c. 851) holding: "Legal malice * * * is defined as the intentional doing of a wrongful act without just cause or excuse." The other two cases cited by defendants hold that punitive damages were not authorized under their facts. In neither was there evidence to show an intentional doing of a wrongful act. In the Blau case, there was a floor plan mortgage executed by one who sold six automobiles to Blau, and under which the mortgagee replevined them. The mortgagor had not received proper transfer of title so plaintiff did not have right of pos-

session over Blau, who purchased from mortgagor, although plaintiff had an equitable mortgage good between the parties. Judgment for punitive damages was reversed because plaintiff reasonably believed it had a right to replevin the automobiles under its mortgage. In the Thomas case, plaintiff owned two Buicks, one was paid for, the other was mortgaged to defendant and payments were in default. Both were kept at plaintiff's house. Defendant picked up the wrong car but discovering the mistake brought it back the same morning. The court held there was no evidence that defendant did not act in good faith and in the honest belief its acts were lawful and said "there was no basis for the award of punitive damages."

▆ In this case, plaintiff had evidence to show that he never executed a chattel mortgage and that defendants knew he disputed their claim. The purported mortgage on which they relied showed many defects on its face. Certainly if defendants took possession of the car under a document they had reason to believe plaintiff had not signed, or on which they knew someone else had written his name, then defendants would be intentionally doing a wrongful act without just cause or excuse. Our conclusion is that the evidence of this was sufficient to require submission of this issue to the jury. In Detmer v. Miller, Mo.App., 220 S.W.2d 739, where there was a valid chattel mortgage on plaintiff's car, payment to be made by delivery of 755 tons of lime at one dollar per ton, which was to be delivered to defendant at plaintiff's quarry, with no time specified for delivery, the

court held the obligation was for delivery in a reasonable time; and said that whether plaintiff was in default was a jury issue. Defendant had seized plaintiff's car when 255 tons of lime remained to be delivered. The court held plaintiff's evidence was sufficient to show "defendant himself was solely responsible for the fact that he had not obtained his full quota of lime"; and judgment for punitive damages was affirmed. See also Hussey v. Ellerman, Mo.App., 215 S.W.2d 38 (where defendant's claim was under a mortgage not recorded at the time plaintiff purchased the property). Davis v. Nash Central Motors, Mo.App., 332 S.W.2d 475 (where defendant on a claim for repairs took possession of plaintiff's car and kept it without right to do so); Spitzengel v. Greenlease Motor Car Co., 234 Mo.App. 962, 136 S.W.2d 100 (where there was a dispute over amount due, which it was found plaintiff did not owe, but the defendant took possession of plaintiff's car). In all of these cases judgments for punitive damages were affirmed. In this case, the jury found plaintiff owed defendants nothing and therefore the court erroneously refused to submit the issue of punitive damages.

The order granting a new trial is affirmed and cause remanded.

PER CURIAM:

The foregoing opinion by LAURANCE M. HYDE, Special Commissioner, is adopted as the opinion of the court.

All of the Judges concur.