(December 11, 1911.)

## IRA McGARY, Plaintiff, v. E. C. STEELE, Judge, Defendant.

[119 Pac. 448.]

Writ of Mandate—District Court or Judge—Decision—Delay in Rendering—Statute—Constitution.

(Syllabus by the court.)

1. Under the provisions of sec. 4406, Rev. Codes, upon a trial of a question of fact by the court, its decision must be given in writing and filed with the clerk within twenty days after the cause is submitted for decision.

2. Under the provisions of sec. 17, art. 5, of the constitution, no justice of the supreme court or district judge shall be paid his salary or any part thereof unless he shall have first taken and subscribed an oath that there is not in his hands any matter in controversy not decided by him which had been finally submitted to him for his consideration and determination thirty days prior to the taking and subscribing of such oath.

3. The failure of counsel to furnish the trial court with a brief is not a sufficient reason to justify the court in delaying a decision longer than the period prescribed by sec. 4406.

4. *Held*, under the facts of this case that a peremptory writ of mandate must issue as prayed for in the petition.

Original proceedings in this court for a writ of mandate to compel the Honorable Edgar C. Steele, as Judge of the District Court of the Second Judicial District, to decide a certain case tried and submitted to him for decision. Writ granted.

W. H. Casady, for Petitioner, files no brief.

SULLIVAN, J.—This is an original application for a writ of mandate to the Honorable Edgar C. Steele, as Judge of the Second Judicial District of the state of Idaho, requiring him to show cause, if any he may have, why he has not decided the case of Ira McGary vs. Steve Winchester, George D. Smith and P. F. Courtney, which cause was tried or heard

and submitted to said court on the 19th day of September, 1911, for final decision and judgment.

The application for the writ shows the following facts: That on April 11, 1908, an action of claim and delivery was commenced in said district court, wherein the said Steve Winchester was plaintiff and Ira McGary, the plaintiff herein, was defendant; that in said action said Winchester filed his undertaking for the delivery to him of the possession of the personal property therein claimed by him in the sum of $3,000, with George D. Smith and P. F. Courtney as sureties thereon; that said action was heard without a jury before said district court, the Honorable Judge Steele presiding, on September 30, 1908, and after the evidence of both plaintiff and defendant had been submitted, the cause was taken under advisement by the court, and W. N. Scales, Esq., attorney for said plaintiff Winchester, was given until October 20th to file a brief, and W. H. Casady, Esq., attorney for the defendant McGary, was to have until November 10th thereafter in which to file a reply brief, which briefs were filed accordingly. Thus it appears that said case was fully submitted to the court for decision on November 10, 1908, and that said judge and court held said case under advisement until July 29, 1909, thus holding said cause under advisement for nearly nine months before a decision was rendered. Thereafter a new trial was granted in said cause on February 4, 1910, and on September 6, 1910, the plaintiff, through his attorney, W. N. Scales, Esq., dismissed said claim and delivery action and judgment was rendered in favor of the defendant for the return of said chattel property or the value thereof, found by the court to be the sum of $1,500. It also appears that said Winchester neglected and failed to return said chattel property to the defendant McGary or to pay him the value thereof, whereupon McGary took out execution therefor in said action and placed the same in the hands of the sheriff of Idaho county, which execution was by said sheriff returned satisfied in part only, with a further return that the balance of the chattel property referred to could not be found and that no property of said plaintiff Winchester could be found

in said Idaho county from which to make the balance of said
judgment and costs. Thereafter on the 11th of January,
1911, the said Ira McGary brought an action on said replevin
bond against said Winchester and his said bondsmen, Smith
and Courtney, to recover the balance due on said judgment,
which was the sum of $1,029.10 and costs; that prior to the
bringing of said last-mentioned action said Winchester left
the state and went to Alaska and the summons in that case
was not served on him and he made no appearance in said
action. The summons was served on said Smith and Court-
ney, who appeared in said action by their attorney, W. N.
Scales; that this action was continued upon the motion of the
answering defendants over the January and June terms, 1911,
of said court, and was brought to trial on the said 19th day
of September, 1911; that prior to the hearing of said action
the attorney for said defendants stated in the presence of the
Honorable Edgar C. Steele and the attorney for said Mc-
Gary that said defendants had no defense to said action and
requested counsel for McGary to consent to waive a jury,
which request was granted and the cause was tried by the
court without a jury. The plaintiff introduced his evidence
and the defendants introduced no evidence whatever and the
cause was taken under advisement by the court on September
19, 1911. At the close of the trial the said W. N. Scales re-
quested of the court that a stay of execution be granted therein
for a period of sixty days, which application was opposed by
the attorney for the plaintiff, "whereupon the court stated
that a stay of sixty days would be too long; that thirty days
would be enough"; that said judge had held said cause under
advisement since said 19th day of September, 1911, until
November 10, 1911, when this application was made; that on
the 15th of October, 1911, the plaintiff, through his attorney,
made a request and demand in writing upon the said judge
that he take action at an early date in said cause and render
some kind of a decision therein; that said judge failed to
reply to said written request and neglects and fails to decide
said case; that affiant believes that said judge has held and
is now holding said case and neglecting to render any judg-

ment or decision therein for the purpose of hindering and delaying the plaintiff from receiving the benefits of said judgment to which he is entitled; that the said delay in so rendering the judgment may take the place of the stay of execution as requested by the attorney for said defendants.

Upon that application an alternative writ of mandate was issued and served with a copy of the petition or complaint upon the Honorable Edgar C. Steele. The return to said writ is as follows:

"Comes now the defendant and states to the court that he is waiting for a brief in this case, which it was agreed by the parties at the time the evidence was heard should be furnished by W. N. Scales, an honorable practitioner and attorney for the defendants in this case; all of which facts are and were well known to the honorable counsel who filed a petition for a writ in this case at the time the affidavit was made therein.

"The court desires to have the said brief, and an opportunity to examine the case, and reach a satisfactory conclusion therein; and, further, affiant saith not."

The return does not deny any of the allegations of the complaint or petition and sets up as a defense that the honorable judge is waiting for a brief from W. N. Scales, attorney for the defendants in said action. The excuse that the judge was waiting for a brief from the attorney for defendants and had failed to fix a time in which such brief must be filed, under the facts of this case, is not a sufficient excuse to deserve any consideration from this court. How long would the honorable judge continue to wait for said brief? Indefinitely, so far as his answer indicates, as fifty-two days had already expired since the case was submitted for decision. It is alleged in the petition that the judge is holding said case and neglecting to render any judgment or decision therein for the purpose of hindering and delaying said plaintiff from receiving the benefits of the judgment to which he is entitled. The judge has admitted that allegation by not denying it in his answer. The judge also granted a stay of execution for thirty days upon any judgment that might be entered in said case. Not only was the court waiting for a brief, thus delaying en-

tering judgment, but had granted a stay of thirty days upon any judgment that might be entered in said case. These facts indicate, at least, that the judge was attempting to hinder and delay the plaintiff by granting an indefinite time for filing a brief and by further granting a stay of execution for thirty days upon any judgment thereafter to be entered. It is such proceedings as these that cause laymen and litigants to complain so much of the delays of the courts and induce attorneys sometimes to conclude that the court is "standing in" with opposing counsel in granting delays upon flimsy pretexts. Such delays ought not to be tolerated by any court.

In all of the writer's experience as a practitioner and on the bench there has not come under his observation a case where the delays have been so great and the causes of delay so frivolous as in the case at bar. The original action out of which this action arises was an action in replevin; the defendant's personal property was taken from him and turned over to the plaintiff; the cause was tried by the court and after being submitted for final determination the court held it from November 10, 1909, until July 29, 1910, nearly nine months, without deciding it; and a new trial was thereafter granted therein and then the plaintiff dismissed his replevin suit, still retaining possession of the property, and departed from the state. Judgment was finally entered in favor of the defendant in the replevin action for the return of the property or if return could not be had, for $1,500, its value. Execution was issued on that judgment and returned satisfied in part only. Thereafter the defendant in the replevin suit brought his action on said replevin bond against said Winchester and his sureties to recover the balance due on said judgment, amounting to $1,029.10 and costs. At the request of the attorney for the defendants that case was continued over two terms of court and was finally tried on September 11, 1911, at which time counsel for the defendants admitted that he had no defense to said action and the case was submitted to the court for decision and stay was granted for thirty days;—on what the stay was granted we are not informed, but suppose on any prospective judgment that might

be rendered in said case, thus giving defendant and his bondsmen further delay.

Judge Steele was fully cognizant of the numerous delays that had occurred in said two cases, as he had tried them both and in his return to the alternative writ the only defense offered is that he is waiting for a brief from the defendants' counsel, when counsel for defendants had admitted in his presence, as shown by the record, that defendants had no defense whatever to the action. And still the judge was waiting, according to his return, for said brief ''and an opportunity to examine the case, and reach a satisfactory conclusion therein.'' Why did he need a brief if it was admitted by counsel for defendants that they had no defense whatever to said action? Need it take long for him to arrive at ''a satisfactory conclusion'' in such an action? We think not.

Sec. 4406, Rev. Codes, provides as follows:

''Upon a trial of a question of fact by the court, its decision must be given in writing and filed with the clerk within twenty days after the cause is submitted for decision.''

That section requires the district court, when a case is tried by it without a jury, to file its decision in writing twenty days after the cause is submitted for decision. While a failure on the part of the district court to render his decision within twenty days after the cause is submitted for decision will not invalidate or avoid the judgment entered thereafter (*Idaho Comstock Co. v. Lundstrum*, 9 Ida. 257, 74 Pac. 975), still it is mandatory upon the trial court to render its decision within twenty days after the submission of the case; and if the district court fails to file the decision within the twenty days, he may be required to do so by writ of mandate, and this is the process by which this statute can be enforced. The only question raised under this statute in the Idaho Comstock case was the validity of a judgment entered after the expiration of the twenty days from the final submission of the case, and the statement made in that case with reference to the statute being directory had reference only to the validity of a judgment entered after the expiration of the twenty days fixed by the statute. The suggestion and observations of the writer of

that opinion in regard to the provisions of said section being directory are *dictum*, and were not necessary to a decision of the question presented in that case. District courts are not required to hear more cases than they can decide, and the reasons given in the *dictum* in that case for holding the provisions of said section merely directory are not applicable to the case at bar.

Said section of the statute and sec. 17 of art. 5 of the state constitution, which latter provides, among other things, that no district judge or supreme justice shall be paid his salary or any part thereof unless he shall have first taken and subscribed an oath that there is not in his hands any matter in controversy not decided by him which had been finally submitted for his consideration and determination thirty days prior to taking and subscribing such oath, clearly indicate that the legislature and the framers of the constitution intend that after a case had been submitted for decision to a judge or court, a prompt decision must be rendered.

This transaction shows that the plaintiff in this proceeding was deprived of his property on the 11th of April, 1908, and by the default of the plaintiff in the replevin action it appears that the plaintiff had no right or claim to said property whatever, and still the court would dally along and permit counsel for the defendants to delay the plaintiff in this proceeding from recovering for property he was illegally deprived of for about three and a half years, and we suppose the judge would have still been waiting for the brief of counsel had it not been for the granting of the writ;—and in a case where it was admitted there was no defense whatever. It seems to us from the facts as they appear in the record that this case is the limit, and we would suggest to the honorable defendant when there is no defense to an action, when it is admitted by counsel for the defendants that they have no defense, that such a case ought to be decided promptly and not delay a decision for a brief that is not needed. Counsel ought not to impose upon the generosity of the court by asking for unusual and unreasonable time in which to present briefs, nor should the court be overflowing with generosity on such occasions. It is

the duty of the court to require briefs to be filed when necessary so that the decision can be made within the statutory period.

The peremptory writ must be issued as prayed for, and it is so ordered, with costs of this proceeding in favor of the plaintiff.

Stewart, C. J., and Ailshie, J., concur.