STATE ex rel. STATE HIGHWAY COMMISSION et al.,
RESPONDENTS, *v.* SPEIDEL, APPELLANT.

(No. 6,588.)

(Submitted March 10, 1930.   Decided March 29, 1930.)

[286 Pac. 413.]

*Messrs. Brown, Wiggenhorn & Davis,* for Appellant, submitted an original and a reply brief; *Mr. Horace S. Davis* argued the cause orally.

*Mr. L. A. Foot,* Attorney General, *Mr. S. R. Foot,* Assistant Attorney General, and *Mr. John W. Bonner,* for Respondent, submitted a brief; *Mr. S. R. Foot* argued the cause orally.

MR. JUSTICE MATTHEWS delivered the opinion of the court.

In a proceeding by the state highway commission to condemn a right of way across the lands of defendant, A. Speidel, a commission appointed by the court awarded defendant damages in the sum of $537.89. Defendant appealed from the award and thereafter secured a verdict in his favor of $2,180 damages, on which judgment was entered. Plaintiff moved for a new trial on the ground that the verdict was excessive. The motion was argued to the court on June 12, 1929, and the minute entry of that date recording the fact recites: "At the close of the argument the court announced that he believed that the damages * * * were excessive and stated that if the defendant would accept $1,000.00 as damages the court would not grant a new trial, otherwise a new trial would be granted." The entry closes with the declaration, "the defendant excepts to·the ultimatum and ruling of the court."

On July 2, 1929, the court made, signed and filed a formal order granting plaintiffs a new trial, prefaced by a recital of the statement in the minute entry contained and that the defendant failed to "accept the proposition made." De-

fendant has appealed from the order of July 2, contending that the court was then without jurisdiction to make any order in the premises.

Section 9400, Revised Codes 1921, declares that the court "shall decide" a motion for a new trial within fifteen days after its submission, and, if this is not done, "the motion shall, at the expiration of said period, be deemed denied." It is further provided that "the decision * * * may be entered in the minutes of the court, or may be made in writing. * * * "

To "decide" means "to determine; to form a definite opinion; to come to a conclusion; to give a decision, as the court decided in favor of the defendant." (Webster's New Int. Dictionary.) When the court has decided the motion, its decision may be announced orally in open court and thereupon "entered in the minutes of the court," or it may be made known by written order signed by the judge and filed with the clerk. (*United Railroads of San Francisco* v. *Superior Court*, 197 Cal. 687, 242 Pac. 701.) The decision must be made known in either event, or by either method, within fifteen days after the motion is submitted.

However, the court's power to make a conditional order denying the motion for a new trial if the prevailing party will consent to remit that portion of the award which the court deems excessive, and granting the motion if such consent is not forthcoming, has been long recognized in this jurisdiction and in other states having similar statutory provisions. (*Bentley* v. *Hurlburt*, 153 Cal. 796, 96 Pac. 890; *Harrington* v. *Butte, Anaconda & Pac. Ry. Co.*, 39 Mont. 22, 101 Pac. 149.)

Counsel for defendant argue that the announcement of the court on June 12 decided nothing, but was merely the expression of the judge's opinion as to what he would do in the future. In support of this position they rely principally upon the pronouncement found in *Goade* v. *Gossett*, 35 Idaho,

84, 204 Pac. 670, in which an appeal was dismissed as prema-ture, based upon a letter written by the judge to the attorneys in the case, in which, after stating his reasons, the judge said: "Motion for new trial will therefore be overruled." The decision of the court was, it is clear, based upon the statement that "this letter does not appear to be part of the record in this case, although counsel for appellant says it was * * * filed by him with the clerk as an order overruling said motion. * * * " Some time in March, 1921, this letter was withdrawn from the files of the clerk "and the formal order overruling the motion * * * was substituted therefor." The formal order was filed "subsequent to the taking of the appeal." Quoting a statute similar to our section 9772 defining an "order," the court held the letter not to be an order. The decision is not in point here, where we have an announcement made in open court and entered in its minutes in lieu of a formal order, which the court rendering the above decision has since declared constitutes an order, in spite of the Idaho statute defining an "order." (*Spivey* v. *District Court,* 37 Idaho, 774, 219 Pac. 203.)

The minute entry is in the words of the clerk of the court and in the past tense, of course not used by the court, but it is clear therefrom that, in ruling on the motion submitted, the court stated, "I believe the damages awarded are excessive, but if the defendant will accept $1,000 as damages I will not grant a new trial, otherwise a new trial will be granted." Having so announced in open court, in the presence of counsel for the defendant, without fixing a time within which the election should be made, it seems clear that the court made a "proposition" to be then and there accepted or rejected, and that counsel for defendant so considered the pronouncement of the court; they did not ask for time, but forthwith "excepted to the ultimatum and ruling of the court."

An "ultimatum is a final proposition, concession or condition, * * * the best terms the negotiator will offer, the

rejection of which usually ends negotiations.'' (Webster's New Int. Dictionary.) In pronouncing its ''ultimatum,'' the court certainly ''decided'' the motion for a new trial, and, being a conditional order, it is immaterial that it was couched in terms indicating that something was to be done in the future (*Taber* v. *Bailey*, 22 Cal. App. 617, 135 Pac. 975.); on acceptance of the condition imposed, the ruling would become final as a denial of the motion, on its rejection, an order granting a new trial (*Harrington* v. *Butte, Anaconda & Pacific Ry. Co.*, above). The order of June 12 being thus self-executing, the order subsequently made was without effect (*Brown* v. *Cline*, 109 Cal. 159, 41 Pac. 862; *Holtum* v. *Greif*, 144 Cal. 521, 78 Pac. 11), and it is immaterial whether or not it was made within time; on rejection of the ''proposition made,'' defendant could have instituted his appeal from the order of June 12.

The order is affirmed.

Mr. Chief Justice Callaway and Associate Justices Galen, Ford and Angstman concur.