Submitted on respondent's motion to dismiss appeal June 20,
appeal dismissed August 23, 1967

PIETZ, *Respondent, v.* DEL MAR INVEST-
MENT CO. ET AL, *Appellants.*
431 P. 2d 275

Schwenn & Bradley, Hillsboro, for the motion.

Brian W. O'Brien, Portland, contra.

Before Perry, Chief Justice, and McAllister, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

HOLMAN, J.

This was a law action tried by the judge without a jury. Neither party, prior to the commencement of the trial, requested special findings of fact. Subsequent to the entry of general findings of fact and a judgment, the defendants, who were the unsuccessful litigants, filed objections to the general findings and a request for special findings. The trial court overruled the objections and denied the request for special findings. Defendants thereafter appealed from the judgment. The plaintiff filed a motion in this court to dismiss the appeal upon the ground that the filing of the appeal was not timely. This motion is the matter now under consideration.

The relevant chronology of the case was as follows:

1. After trial the court filed, on September 23, a memorandum opinion deciding the case in favor of plaintiff and explaining its decision. It terminated with the words: "It is requested that findings of fact and conclusions of law be presented accordingly."

2. On October 10, the court entered general findings of fact and a judgment in favor of plaintiff. The court found generally that plaintiff had proved the allegations of his complaint and that defendants had failed to prove the allegations of their answer and counterclaim.

3. On October 14, defendants filed objections to to the court's findings of fact and requested special findings.

4. Defendants' objections and request for special findings were set for hearing on November 7.

5. Prior to November 7, the court continued the hearing to November 21.

6. On November 21, the court entered an order denying the request for special findings and overruling the objections.

7. Notice of appeal was filed by defendants on December 8.

ORS 19.026 provides that a notice of appeal shall be served and filed within thirty days of the entry of the judgment, subject to certain exceptions not relevant here. The question presented by the plaintiff's motion to dismiss is whether, for purposes of computing the time for appeal, the effective date of the judgment was October 10 when it was entered, or whether its effective date was postponed until November 21 pending the disposition of defendants' objections and request for special findings.

█ The matter in controversy is controlled by ORS 17.431.① The defendant argues that the provisions

---

① 17.431 Findings of court; request for; service; filing.

(1) Whenever any party appearing in a civil proceeding tried by the court, whether at law, in equity or otherwise, so demands prior to the commencement of the trial, the court shall make special findings of fact, and shall state separately its conclusions of law thereon.

(2) In the absence of such a demand for special findings, the court may make either general or special findings.

(3) Within 10 days after the court has made its decision, any special findings requested by any party, or proposed by the court, shall be served upon all other parties who have appeared in the case and shall be filed with the clerk; and any such other party may, within 10 days after such service object to such proposed findings or any part thereof, and request other, different or additional special findings, whether or not such party has previously requested special findings. Any such objections or requests for other, different or additional special findings shall be heard and determined by the court within 30 days after the date of the filing thereof; and, if not so heard and determined, any such objections and requests for such other, different or additional special findings shall conclusively be deemed denied.

(4) Upon ·(a) the determination of any objections to proposed special findings and of any requests for other, different or additional special findings, or (b) the expiration of the time for filing such objections and requests if none is filed, or

of subsections (4) and (5) postponed the effective date of the entry of judgment until November 21. However, it is clear that these provisions cannot bring about a postponement pending determination of proceedings regarding requests for, or objections to findings unless those proceedings have a valid statutory basis and have complied with the prescribed requirements. Therefore, it must be determined whether the filing on October 14 of the defendants' objections to the court's general findings and the request for special findings was authorized and timely.

 Subsection (3) provides that any special findings requested by any party must be served and filed within ten days after the court has made its decision, except for certain circumstances not present in this case. "Decision" cannot mean the entry of judgment because the judgment is based upon the findings, and the judgment would not, therefore, precede the findings. Nor can it mean the entry by the court of its findings of fact. If this had been intended, language so indicating would have been used. "Decision" must mean some other declaration by the court on the record indicating how the court intends to decide the case. This was done in this case by the entry of the memo-

---

(c) the expiration of the time at which such objections or requests are deemed denied, the court shall enter the appropriate order, judgment or decree. Any such judgment or decree filed prior to the expiration of the periods above set forth shall be deemed not entered until the expiration of said periods.

(5) Prior to the expiration of the times provided in subsections (3) and (4) of this section, the time for serving and filing special findings, or for objecting to and requesting other, different or additional special findings, may be enlarged or shortened by the trial court upon the stipulation of the parties or for good cause shown; but in no event shall the time be extended more than 30 days.

(6) Requests for findings or objections to findings are not necessary for purposes of appellate review.

randum opinion on September 23. The court made its decision on September 23, waited more than ten days during which no request for special findings was received, and then filed on October 10 its general findings and judgment. The request for special findings not having been filed until October 14, the request was more than ten days after the court's decision and therefore was not timely and failed to delay the effective date of the judgment.

■ Neither did the filing of the objections to the court's general findings delay the effective date of the judgment. A careful reading of the statute discloses that there is no provision for the filing of objections to general findings in the absence of a demand for special findings before trial as provided in subsection (1).

Because the request for special findings was not timely and was therefore of no efficacy in any event, the court does not reach the question whether a party waives all right to request special findings if the court enters none and no demand is made for them prior to trial.

■ Defendants contend that the memorandum opinion was a direction to prepare special findings. The court subsequently entered general findings. This precludes intent on the part of the court that special findings be entered.

■ Defendants also contend that they believed that the trial court would enter special findings because of the language used in its memorandum opinion, and that if special findings had been entered they would have had an opportunity to object. Defendants had no right to believe that special findings would be made. The court was free to enter either special or general findings in the absence of a demand before trial for special findings.

■ Defendants' objections to the general findings and its request for special findings both failed to delay the effective date of the judgment. The judgment was entered October 10 and defendants did not file their appeal until December 8. The appeal was not filed within 30 days of the effective date of the judgment and was not timely.

The appeal is dismissed.