459 P.2d 115

**Michael J. BROWN, Appellant and Cross Appellee,**

v.

**Joan M. BROWN, Appellee and Cross Appellant.**

**No. 2 CA–CIV 525.**

Court of Appeals of Arizona, Division 2.

Sept. 30, 1969.

Rehearing Denied Oct. 30, 1969.
Review Granted Nov. 25, 1969.

Rees, Estes & Browning, by Donald Estes, Tucson, for appellant and cross appellee.

John Wm. Johnson, Tucson, for appellee and cross appellant.

HATHAWAY, Judge.

On this appeal we are concerned with the custody of a minor child and the parent's

visitation rights. The parents were divorced on November 25, 1964 and the mother was awarded custody of their adopted child, with reasonable visitation rights granted to the father. On August 16, 1965, the mother left Tucson with the child and thereafter resided in DesPlaines, Illinois. On June 17, 1966, the divorce decree was modified, in accordance with a stipulation between the parties.

In 1966 the father sought to have the mother send the child, then six years old, from Chicago to Tucson for the Christmas holidays alone on the plane. The mother, at no time objected to the child spending the visitation rights with the father, but did refuse to have the young child make the long trip alone.

Then on December 19, 1966, three days prior to the child getting out of school for Christmas vacation, the father without the mother's knowledge had the child taken from school and placed on a plane for Arizona. Since that time the child has resided at the father's residence in Tucson, Arizona. On the same date an order to show cause why custody should not be granted to the father was filed. On December 30, 1966, the mother filed an order to show cause to have the father held in contempt. After judgment was rendered on the combined orders to show cause, this appeal by both parties followed.

Both parties contend that the trial court did not have jurisdiction of the case due to the court's delay in rendering a decision. The case was tried to the court on December 30, 1966, January 3, 4 and 5, 1967, and submitted to the court and taken under advisement on the last day of hearing. On January 16, 1967, the court entered a minute entry in regard to all issues presented to it up to that time, including the

custody and visitation issues. Subsequently, the court allowed the mother to reopen her case, and after several continuances, a hearing was held on April 24, 1967, which resulted in a formal written order entered May 9, 1967. After several objections and motions to amend, a formal final judgment was entered November 6, 1967.

Article VI, § 21 of the Arizona Constitution, A.R.S., states:

"Every matter submitted to a judge of the superior court for his decision shall be decided within sixty days from the date of submission thereof. The Supreme Court shall by rule provide for the speedy disposition of all matters not decided within such period."

Rule 77(i), Arizona Rules of Civil Procedure, 16 A.R.S., and Rule XIII, Uniform Rules of Practice of the Superior Court, 17 A.R.S., also contain sixty-day provisions.[1] Both parties urge that the minute entry was not a decision, and that no decision was rendered until the final judgment, more than ten months after the commencement of the case, and more than seven months after having the matter under advisement.

Article VI, § 21, Arizona Constitution; Rule 77(i), as amended 1961; and Rule XIII, Uniform Rules of Practice of the Superior Court all use the words "shall be decided" or "shall be determined" to indicate the action demanded of the trial judge. There are several cases which have held that the old constitutional provision, Art. VI, § 15, was directory only and not mandatory. Cahn v. Schmitz, 56 Ariz. 469, 108 P.2d 1006 (1941); Johnson v. Johnson, 46 Ariz. 535, 52 P.2d 1162 (1935); Williams v. Williams, 29 Ariz. 538, 243 P. 402 (1926); and Malcolm v. Valley Bank, 31

1. Arizona Rules of Civil Procedure, Rule 77(i) states in part:
   "Every matter submitted for determination to a judge of the superior court for his decision shall be determined and a ruling made within sixty days from submission thereof."
   Rule XIII, Uniform Rules of Practice of the Superior Court states:

   "Every matter submitted to a judge * * * shall be decided with all reasonable promptness and, in any event, in accordance with Section 21, Article VI of the Arizona Constitution, not later than sixty days from the date of submission thereof."

Ariz. 284, 252 P. 190 (1927). However, in Klinger v. Conelly, 2 Ariz.App. 169, 407 P.2d 108 (1965), this court had intimated that the constitutional amendment was of a mandatory nature, stating on page 172, 407 P.2d page 111:

> "The only action which the Supreme Court has taken to 'provide for the speedy disposition is found in Rule 77 (i), formerly Rule 77(j) requiring periodical reports from the Clerk of the Superior Court *but affording no relief to either party should the matter not be ruled upon within the sixty day period.'*" (Emphasis added)

In this regard, see also Itule v. Farley, 94 Ariz. 242, 383 P.2d 127 (1963).

■ The mischief that the recent amendment was intended to correct appears to us to be illustrated by such cases as Cahn v. Schmitz, supra, where a trial court's judgment rendered seven years after the cause was submitted for deliberation was affirmed on appeal. Other cases have held that a rule similar to the one before us was mandatory, and judgments rendered thereafter were to be voided for failure of jurisdiction: In re Ordinance No. 464 of Common Council of City of Jasper, Dubois County, 242 Ind. 475, 179 N.E.2d 749 (1962); Tomlinson v. Litze, 82 Iowa 32, 47 N.W. 1015 (1891); and McGary v. Steele, 20 Idaho 753, 119 P. 448 (1911) (rule held mandatory under the particular facts). See also 49 C.J.S. Judgments § 113c, p. 239. The imperative language of the recent amendment and statutory provisions leads us to conclude that the Legislature and Supreme Court intended that the sixty-day provision be mandatory. The question is then, does a minute entry constitute a "decision" within the meaning of Art. VI, § 21 of the Arizona Constitution.

In the mother's brief, reference is made to the minute entry in question in the following manner:

> "The Court, after trial, took the matter under advisement on January 5, 1967. * * * On January 16, 1967, the Court made a minute entry *which stated its in-* *tention in this matter,* i. e., granting the plaintiff's motion for change of custody." (Emphasis added)

The word "decision" has been held to mean " * * * to determine; to form a definite opinion; or come to a conclusion," in a statutory context similar to the one before us. State ex rel. State Highway Commission v. Speidel, 87 Mont. 221, 286 P. 413 (1930); State ex rel. King v. District Court of Third Judicial District, 107 Mont. 476, 86 P.2d 755 (1939). The State of Arizona has, to a large extent, adopted its Rules of Civil Procedure from the Federal Rules. It has been held that:

> " * * * the decision of the Court and the judgment to be entered thereon are not the same thing under the Federal Rules of Civil Procedure. The decision is part of the procedure of the trial. * * * Although 'the court's decision of a case is its judgment thereon' * *, it does not follow that it is its judgment therein meaning the judgment or decree thereafter entered on the decision. The Federal Rules of Civil Procedure make a clear distinction between the decision (the Findings of Fact and Conclusions of Law) and the judgment." Winkelman v. General Motors Corporation, 48 F.Supp. 490, 494 (N.Y.1942).

■ "The decision (findings of fact and conclusions of law) is the basis upon which the judgment of the court rests. * * *." Mosley v. Magnolia Petroleum Co., 45 N.M. 230, 114 P.2d 740, 747 (1941). See also Lambros v. Young, 79 U.S.App.D.C. 247, 145 F.2d 341 (1944) and Pietz v. Del Mar Investment Co., 247 Or. 468, 431 P.2d 275 (1967). We believe that the minute entry dated January 16, 1967, was a decision. Although the final judgment does not conform to the minute entry in regard to the visitation issue, this does not affect the fact that a "decision" had been made.

■ The mother was not without a remedy during the time between the decision and the entry of final judgment, for on her motion a judgment could have been entered. In Howard P. Foley Company v.

Harris, 4 Ariz.App. 294, 419 P.2d 735 (1966), the court in discussing the preparation of an appealable order, stated:

"There is no requirement that only one party or the other is authorized to prepare and present such an order. Either party desiring to place the record in appealable status and thus commence the running of the time for appeal, has the privilege of seeking the appropriate formal action of the trial court."

The mother next contends that the trial court erred in considering evidence that predated the June 17, 1966, stipulation and order which modified the original decree. Although the stipulation and order was concerned with visitation rights, and did not consider custodial issues, the order in part read:

"That all of the provisions of the judgment entered herein on the 25th day of November, 1964, and which are inconsistent with the provisions hereof, be, and the same are hereby set aside and rendered of no further force and affect whatsoever, and that all of the provisions of said judgment of the said 25th day of November, 1964, and which are not inconsistent herewith be, and the same are hereby, reaffirmed, confirmed and ratified."

In Burk v. Burk, 68 Ariz. 305, 205 P.2d 583 (1949), the Supreme Court stated the rule that a change of circumstances must be shown " * * * *subsequent to the entry of a decree awarding custody of children* * * *." (emphasis added) in order to modify a custody award. Also see 27B C.J.S. Divorce § 317(1), p. 526. This limitation on the change of circumstances rule has been held to be one aspect of the principle of res judicata. Ward v. Ward, 88 Ariz. 130, 353 P.2d 895 (1960), and cases cited therein. The mother requests that we apply the doctrine of collateral estoppel or res judicata and hold that the June 17, 1966, order acted as a limitation on the trial court's inquiry. We decline to do so.

The proceedings before the court were directed solely to visitational issues between the parties, and in no way dealt with custody proceedings as here. In State v. Forteson, 8 Ariz.App. 468, 447 P.2d 560 (1968), we held that when the causes of action are different, a judgment in the first action is conclusive only to such issues as were actually litigated and adjudicated in the first action. Here we have two distinct actions, one dealing with visitation and the other with child custody. Under the doctrine of res judicata or collateral estoppel the June 17, 1966, order is not conclusive, and the trial court was correct in its decision to consider such evidence.

It is further alleged that the father failed to show a change of circumstances substantially affecting the welfare of the child, and that the court abused its discretion in granting custody to the father.

The primary consideration of the court is the child's best interests, so that when a change of custody is sought, it must be shown that the child's welfare will be advanced by such change. Smith v. Smith, 90 Ariz. 190, 367 P.2d 230 (1961).

After a careful review of the record, we conclude that the father has shown a substantial change of circumstances since the original decree, and thus hold that there was not an abuse of sound judicial discretion by the trial court in changing the custody award.

Evidence was offered to show that the child was well adjusted at the time of the original decree, while a clinical psychologist testified the child was emotionally disturbed at the time of the hearing. However, this same psychologist testified that the disturbance was directly related to the divorce of the child's parents, which created a split in his emotions.

The psychologist also stated that the child related better to his father than he did to his mother, and that the emotional problem would come to an end if the child lived with the father. This opinion was

greatly disputed, however. The wife and other witnesses showed evidence of the mother expressing a great deal of love and affection for the child, and relating well to him. The psychologist admitted that he had never met the mother, nor viewed the home life provided the child by her. Further, the child apparently has been constantly shuffled back and forth between parents, and it seems feasible that any lasting relation and residency with either one of the parents would tend to alleviate his emotional difficulties.

The father has remarried and is now in a better position to provide a good home for the child. The father's new spouse has expressed her love and affection for the child, and concurs in her husband's desire to have custody of the child. There was evidence offered that the mother interfered with the father's visitation rights, adding to the difficulty and discord between the two. There is evidence of the wife alienating the child against the father. The wife works five days a week and must leave the child with a relative, while in his new surroundings the child will always be with the father's new spouse. After the wife left Tucson for Illinois, she never wrote the father giving him information about the child, although he had requested her to do so.

■ It has often been held that the trial judge is in the best position to determine what is best for the child, and unless it clearly appears that there has been an abuse of discretion, his decision will not be disturbed on appeal. Andro v. Andro, 97 Ariz. 302, 400 P.2d 105 (1965), rehearing denied 98 Ariz. 1, 401 P.2d 404; Hoffman v. Hoffman, 4 Ariz.App. 83, 417 P.2d 717 (1966). While perhaps each change in this case would not alone constitute a sufficient change of conditions, we believe that when considered together there is sufficient proof of material changes in circumstances substantially affecting the welfare of the child. The change of geograph-ical location of the parties and the desirability that the boy become better acquainted with his father, Earley v. Earley, 10 Ariz. App. 308, 458 P.2d 512 (filed September 16, 1969), and the other factors previously discussed, on the whole sustains the decision and we must assume the decision is fortified and strengthened by the confidential conference the trial judge had in his chambers with the child. Bailey v. Bailey, 3 Ariz.App. 138, 412 P.2d 480, rehearing denied, Bailey v. Superior Court, 97 Ariz. 293, 399 P.2d 907 (1966). Accordingly, we find that no abuse of discretion occurred in awarding custody to the father.

The father testified that he intentionally abducted the child out of school in Illinois, three days prior to Christmas recess, and had him placed alone on a plane for Arizona. For this willful violation of the court's order of June 17, 1966, ordering that the father's visitation rights shall not interfere with the child's schooling and shall not begin until the termination of school and the commencement of the Christmas vacation, the father was held in contempt of the court order and was sentenced to serve two days in the Pima County Jail.

■ The mother contends that not only should the father be held in contempt, but that the trial court erred in refusing to dismiss his motion for order to show cause. Although we strongly disapprove of the father's conduct, we believe the trial court acted reasonably within its discretion in the treatment given the matter in the contempt proceedings. The father's obtaining the child three days prior to the time he was entitled to visitation did not deprive the trial court of jurisdiction, nor do we find that the trial judge abused his discretion in going forward with the proceedings to change custody.

Affirmed.

KRUCKER, C. J., and HOWARD, J., concur.