Filed: June 7, 2012

IN THE SUPREME COURT OF THE STATE OF OREGON

STATE OF OREGON,

Plaintiff,

v.

THOMAS HARRY BRAY,

Defendant.

_____

J. B.,

Appellant,

v.

BRIGID TURNER,
prosecuting attorney;
THOMAS HARRY BRAY;
and STATE OF OREGON,

Respondents.

(CC 11FE0228, 11FE1078; SC S060320)

En Banc

On interlocutory appeal pursuant to ORS 147.537.*

Argued and submitted June 1, 2012.

Jennifer Coughlin, Brothers, Hawn & Coughlin, Bend, argued the cause and filed the Notice of Interlocutory Appeal for appellant.

Brigid K. Turner, Deputy District Attorney, Bend, argued the cause and filed the response for respondent prosecuting attorney.

Greg Rios, Assistant Attorney General, Salem, argued the cause and filed the response for respondent State of Oregon. With him on the response were John K.

Kroger, Attorney General, and Anna M. Joyce, Solicitor General.

Stephen A. Houze, Portland, argued the cause and filed the response for respondent Thomas Harry Bray.

LANDAU, J.

The interlocutory appeal is dismissed.

De Muniz, J., concurred and filed an opinion.

*Appeal of order from Deschutes County Circuit Court, A. Michael Adler, Judge.

LANDAU, J.

In this criminal case, the victim has filed an interlocutory appeal, challenging several orders of the trial court that she contends violate her right to "refuse an interview, deposition or other discovery request by the criminal defendant," under Article I, section 42(1)(c), of the Oregon Constitution. For the reasons set out below, we conclude that this court lacks jurisdiction and, therefore, dismiss the interlocutory appeal.

The relevant facts are uncontested and largely procedural. The state charged defendant with a variety of sex offenses arising out of an incident in February 2011 in which the victim reported that defendant repeatedly and forcibly raped her. Defendant apparently intends to raise a defense of consent. Specifically, defendant contends that the victim was sufficiently uncertain about what had transpired that she felt the need to conduct an Internet search regarding the legal definition of "rape" before reporting the incident to the police. That fact, defendant asserts, would tend to contradict her claim that defendant repeatedly and forcibly raped her.

Defendant attempted to obtain from Google, Inc., by subpoena *duces tecum* "all internet activity and searches conducted by [the victim], email [of the victim], from February 22, 2011 to March 31, 2011, including IP addresses, web searches requested, results, and sites viewed" as well as "[a]ny and all of [the victim's] email * * * to or from anyone concerning [defendant] from February 22, 2011, to March 31, 2011." Google denied defendant's request, asserting that, under the Electronic Communications Privacy Act, 18 USC § 2702(a) (2006), the company was prohibited from disclosing the information without the victim's consent or a court order.

1

Defendant then moved for an order compelling the state to obtain the requested information from Google and provide him with copies of any information produced. Defendant argued that, under the Electronic Communications Privacy Act, the court was authorized to order the state to obtain information that is "relevant and material to an ongoing criminal investigation." 18 USC § 2703(d) (2006). The prosecuting attorney objected. In October 2011, the trial court held a hearing on defendant's motion. The court ruled that it was inclined to grant defendant the requested relief, but preferred to ask the victim for her consent first. The court ordered the prosecuting attorney to seek the victim's consent to the release of the Google information.

The prosecuting attorney requested the victim's consent, but she refused. Defendant then renewed his motion to compel. The prosecuting attorney opposed defendant's motion, arguing that requiring the discovery of the requested information following the victim's refusal to provide it would violate her right to refuse a discovery request under Article I, section 42(1)(c), of the Oregon Constitution. In December 2011, the trial court held a hearing on the prosecuting attorney's objections. Ultimately, the trial court overruled those objections and ordered the prosecuting attorney to obtain the Google information on defendant's behalf.

Over the next several months, the prosecuting attorney resisted the trial court's order, contesting its ability to comply with the order for various reasons. By March 2012, the prosecuting attorney had yet to comply with the trial court's order.

On March 28, 2012, the prosecuting attorney filed, on behalf of the victim, a claim, under ORS 147.515(2)(a), asserting a violation of the victim's constitutional

2

rights. The prosecuting attorney alleged that the trial court's discovery order violated the victim's right under Article I, section 42(1)(c), to refuse discovery. The prosecuting attorney requested, on behalf of the victim, that the trial court "enter an order vacating all previous orders requiring disclosure of [the victim]'s Internet Service Provider, IP Address, and Google account records, and additionally order that any further attempts by defendant to obtain [the victim]'s Google account records be prohibited."

On April 6, 2012, the trial court held a hearing on the victim's claim.[1] Following arguments on the matter, the trial court denied the relief requested by the victim. The trial court explained that "the Court has never ordered the victim to produce anything and so there is nothing that the Court has ordered that is inconsistent with the -- her protections under Article I, [s]ection 42[,] of the Oregon [C]onstitution[.]" On the same day, the trial court entered a document entitled "Court Minutes, Journal Entry and

---

[1] The hearing was scheduled as a result of a request made by the prosecuting attorney on the victim's rights claim form. Generally, if a victim "informs the court of a facially valid claim" using the form provided by the Chief Justice -- which, in this case, the victim did -- the trial court "shall promptly issue the order to show cause described in ORS 147.517." ORS 147.515(3). After issuance of the order to show case, "a victim, the prosecuting attorney, the defendant or any person against whom relief is requested may contest the claim by filing a response." ORS 147.517(4)(a). If no party responds to the order to show cause, no hearing is required. ORS 147.520.

In this case, the trial court did not follow the correct procedures and did not issue an order to show cause. Instead, it simply held a hearing on the claim. Still, because it appears that all relevant parties had notice of the claim and an opportunity to be heard, "we find that the apparent failure to follow the prescribed legal procedures ha[s] no legal significance to the outcome of this case." *State v. Barrett*, 350 Or 390, 395 n 2, 255 P3d 472 (2011).

3

Order," which provided that the court "denies the State's request as outlined in the Claim of Violation of Crime Victim's Rights."

On April 12, 2012, the prosecuting attorney submitted a form order that purported to reflect the trial court's "previous orders in this case related to the victim's Google search history." The trial court responded that "[t]he prior orders of the court are all on the record." The following day, Deschutes County District Attorney, Patrick Flaherty, sent a letter to the trial court requesting that it sign the previously submitted order. It appears from the record that the trial court did not immediately respond to that letter.

On April 27, 2012, the victim, represented by private counsel, filed with this court a notice of interlocutory appeal. Meanwhile, on May 14, 2012, the trial court entered an order that expressed in writing its reasons for its April 6 decision. Three days later, the victim filed an amended notice of interlocutory appeal. In her memorandum in support of her interlocutory appeal, the victim argues that the trial court erred in denying her victim's rights claim. She asserts that, by requiring the state to obtain her Google information on defendant's behalf, the trial court was "using the District Attorney's Office as a conduit to obtain discovery which Defendant cannot get directly from the victim given she has exercised her constitutional right not to provide such information."

The prosecuting attorney and the Attorney General separately filed responses to the victim's notice of interlocutory appeal and supporting memorandum, essentially agreeing with her position. Both argue that the Electronic Communications Privacy Act does not authorize the trial court to issue the discovery orders at issue and

4

that the trial court lacks authority to order the state, in effect, to conduct discovery for defendant.

In his response, defendant first asserts that this court lacks jurisdiction to address the merits of the victim's appeal because she failed to appeal within the time limit set by statute. Specifically, defendant argues that, under ORS 147.537(8), the victim was required to file her notice of interlocutory appeal within seven days of the issuance of the challenged order. He notes that, under ORS 147.530(5), an order may be issued either in writing or orally on the record. In this case, he argues, the victim challenges the trial court's order denying her victims' rights claim, which the trial court issued orally on the record on April 6, 2012, and confirmed by written order that same day. Because the victim did not file her notice of interlocutory appeal of that order until April 27, 2012, defendant concludes, the appeal is untimely. Defendant also asserts -- for the first time on appeal -- that, assuming that the court has jurisdiction, the victim waived the right to complain about the discovery orders because she failed to file her claim in December 2011, when the trial court first entered the orders. In any event, he argues, the trial court was authorized to order the state to conduct the requested discovery.

The victim filed a reply memorandum responding to defendant's jurisdictional challenge. She argues that ORS 147.530(5) requires a written order stating the reasons for the trial court's decision to deny her request. Only upon entry of such a written order, she contends, does the seven-day deadline for filing a notice of interlocutory appeal begin to run. In this case, she asserts, the trial court did not enter a written order with reasons for its decision until May 14, 2012; accordingly, her appeal is

5

timely.

We address only the parties' arguments concerning jurisdiction, because the issue is dispositive. We begin with a brief overview of the relevant statutory context, before turning to the statutes that pertain to the dispute over jurisdiction in this case. In 1999, the voters enacted Article I, section 42, of the Oregon Constitution, granting certain rights to the victims of crimes. That section provides, in part, that crime victims have the right "to refuse an interview, deposition or other discovery request by the criminal defendant or other person acting on behalf of the criminal defendant." Or Const, Art I, § 42(1)(c). It also authorizes the legislature to enact laws to effectuate its provisions. *Id.* § 42(3)(c). The legislature did so by enacting ORS 147.500 to 147.550. *See State v. Barrett*, 350 Or 390, 393-94, 255 P3d 472 (2011) (setting out brief history of the enactment of Article I, section 42, and ORS 147.500 to 147.550).

Under those statutes, a victim who wishes to vindicate the rights set out in Article I, section 42, may file a claim, ORS 147.515(1), on which the trial court may hold a hearing, ORS 147.530. After the hearing, the trial court may either grant or deny the relief that the victim has requested. ORS 147.530(4). But, either way, it must "issue an order" containing its decision. *Id.*

The statute sets out certain requirements for such an order. First, subject to exceptions not relevant to this case, the order must "include the reasons relief was granted or denied." ORS 147.530(5)(b). Second, the order must "[b]e in writing unless the order is issued on the record in open court. If the court issues the order orally under this paragraph, the court shall issue a written order as soon as practicable indicating whether

6

relief was granted or denied." ORS 147.530(5)(c). Third, the court "shall provide a copy of the order" to the victim, the prosecuting attorney, and the defendant, among others. ORS 147.530(6).

Appeal of such an order "shall be solely as provided" in the victims' rights statutes. ORS 147.535(1)(a). "The victim, the prosecuting attorney or any person against whom relief was ordered" may appeal. ORS 147.535(5). The appeal is initiated by the filing of a notice of interlocutory appeal "within seven days after the date the trial court issued the order being appealed." ORS 147.537(8)(a). Additionally, ORS 147.537(11)(a)(A) provides that "[t]he timely filing of the original notice of interlocutory appeal" is jurisdictional and may not be waived.

Thus, in this case, the victim had seven days after "the trial court issued the order being appealed," to file her notice of interlocutory appeal. Defendant argues that the court issued the challenged order on April 6, 2012, when it orally announced its decision and entered a confirming written minute order. The victim contends that the court did not issue its order until it entered its later written order that included the reasons for the court's decision; that, the victim argues, did not occur until May 14.

Defendant is correct. First, ORS 147.537(8)(a) clearly refers to "issuance" of the challenged order as the triggering event, not entry, as is sometimes the case in other contexts. *See, e.g.*, ORS 19.255(1) ("[A] notice of appeal must be served and filed within 30 days after the judgment appealed from is entered in the register."). Second, ORS 147.530(5)(c) specifically anticipates that the order may be issued orally, so long as the court issues a written order "indicating whether relief was granted or denied" as soon

7

as practicable. That is precisely what the court did in this case on April 6, 2012.

The victim insists that the April 6, 2012, order was insufficient to trigger the statutory deadline for filing a notice of interlocutory appeal because it failed to include the reasons for the trial court's decision, as ORS 147.530(5)(b) requires. That argument is unavailing for at least two reasons.

First, that the order failed to include findings or reasons does not mean that the order did not "issue" within the meaning of ORS 147.537(8)(a) or that the deadline for filing the notice of interlocutory appeal was not triggered. *See Pietz v. Del Mar Investment Co.*, 247 Or 468, 472-74, 431 P2d 275 (1967) (judgment that was entered without required findings nevertheless triggered deadline for filing notice of appeal).

Second, in any event, the statute simply does not state what the victim contends, *viz.*, that only a written order containing reasons triggers the deadline for filing a notice of interlocutory appeal. As we have noted, ORS 147.530(5)(c) expressly authorizes the court to issue its order orally "on the record in open court." To be sure, the statute requires that the order must include "the reasons relief was granted or denied." ORS 147.530(5)(b). But, given that the order may be issued orally, it is clear that the reasons may be given orally, as well. That is confirmed by the fact that, when the court does issue its order orally, the only written order that is required is one that "indicat[es] whether relief was granted or denied." ORS 147.530(5)(c).[2]

---

[2]     We do not decide whether the issuance of the oral order, by itself, suffices to trigger the seven-day deadline or whether the issuance of the confirming written order

8

The Attorney General, although agreeing that the statute permits the court to issue an order orally in open court, contends that the trial court's attempt to do so in this case was ineffective because the court's stated reasons were too abbreviated. As we have noted, however, whether the order was supported by sufficient reasons does not necessarily mean that the order had not been issued within the meaning of ORS 147.530(5)(c). Aside from that, the court's explanation of its reasons, while brief, was adequate; the court explained that its prior orders did not violate the victim's right to refuse discovery because they directed the state to obtain information from third parties, not the victim. That was sufficient.

At oral argument, the prosecuting attorney argued that, even if the issuance of an order on the record in open court might otherwise suffice to trigger the deadline for filing a notice of interlocutory appeal, the trial court's April 6, 2012, order did not have that effect in this case because the court neglected to provide her with a copy of the written order, as provided in ORS 147.530(6). We are not persuaded.

Nothing in the statute indicates that the legislature intended that providing a copy of the order to any particular person would be a jurisdictional predicate for appealing the order. To the contrary, the statute provides that *issuance* of the order -- not additional notice of issuance -- is what triggers the seven-day deadline. ORS 147.537(8)(a). *See State v. Ainsworth*, 346 Or 524, 535, 213 P3d 1225 (2009) (under

---

triggers the deadline. In this case, both events occurred the same day.

9

ORS 18.082(1), "entry of the judgment, not notice of entry" triggers the deadline for filing a notice of appeal); *Far West Landscaping v. Modern Merchandising*, 287 Or 653, 655-56, 601 P2d 1237 (1979) (trial court lacked authority to re-enter judgment to artificially extend time for filing notice of appeal to account for lack of notice of entry of judgment).

In short, the victim had seven days from the trial court's issuance of its order denying her requested relief on April 6, 2012. The victim did not file her notice of interlocutory appeal until April 27, 2012. The appeal was untimely. The timely filing of the notice of interlocutory appeal is "jurisdictional and may not be waived." ORS 147.537(11)(a). Accordingly, this appeal must be dismissed.

The interlocutory appeal is dismissed.

10

DE MUNIZ, J., concurring.

I concur in the court's conclusion that we must dismiss this appeal for lack of jurisdiction. I write separately, however, to express my concern regarding the legislatively prescribed procedures to bring an interlocutory appeal to this court in a victims' rights case.

This is the fourth interlocutory appeal of an order involving crime victims' rights that this court has received since the voters adopted Article I, sections 42 and 43, of the Oregon Constitution in 1999. Of those four, three suffered from fatal jurisdictional defects and had to be dismissed. Only one was able to proceed to an opinion on the merits.

The first appeal, *State v. Mann* (SC S059297), was jurisdictionally defective because the victim did not serve the notice of appeal on the prosecuting attorney and the Attorney General in a manner calculated to ensure that it was received on the same date that the notice of appeal was filed with this court. *See* ORS 147.537(8)(b) (so requiring); ORS 147.537(11)(a)(B) ("service of the notice of interlocutory appeal within the time limits described in subsection (8) of this section" is "jurisdictional and may not be waived or extended").

The second notice of appeal, *State v. Barrett* (SC S059408), was jurisdictionally defective because the victim had not timely served the Office of Public Defense Services. *See* ORS 147.537(6)(h) (requiring service on "[t]he office of public defense services established under ORS 151.216, if the defendant is represented by appointed counsel"); ORS 147.537(8)(c) (with exceptions not applicable here, the notice

1

of appeal must be served so that it is received by the served party "no later than one judicial day after the notice [of appeal] is filed"); ORS 147.537(11)(a)(B) ("service of the notice of interlocutory appeal within the time limits described in subsection (8) of this section" is "jurisdictional and may not be waived or extended").  That notice of appeal was dismissed.  Because this court had quickly issued an order to show cause regarding the issue, however, the victim still had time to file and serve a new notice of appeal.  That third notice of appeal (SC S059423) proceeded to an opinion on the merits.  *State v. Barrett*, 350 Or 390, 255 P3d 472 (2011).

The fourth appeal is the present case.  As we have explained, it is jurisdictionally defective because the notice of appeal was not filed within seven days after the trial court had "issued" its order.  *See* ORS 147.537(8)(a) (requiring notice of appeal to be filed within that time frame); ORS 147.537(11)(a)(A) (time to file notice of appeal is jurisdictional).

Of the four interlocutory appeals of an order involving crime victims' rights, then, three failed because procedural errors deprived this court of jurisdiction.  Only one case proceeded to an opinion on the merits, and that was simply and solely because the victim had time to file a corrected and jurisdictionally proper notice of appeal.  Even though these appeals involve constitutional rights -- with all the importance that the constitutional grant of those rights suggests -- we cannot ignore legislatively prescribed limitations on the ability to appeal decisions involving them.  *See State v. Endsley*, 214 Or 537, 539, 331 P2d 338 (1958) (in civil and criminal cases, "[a]n appeal is not a matter of absolute right, but a statutory privilege" (citations omitted)); *Anderson*

2

*et al. v. Harju et al.*, 113 Or 552, 556, 233 P 848 (1925) ("The right of appeal is wholly statutory and the methods of procedure therein are such only as the statute provides."). *See also* ORS 147.535(1)(a) (appeal or review of orders involving crime victims' rights must be "solely as provided" by identified statutes).

In ORS 147.500 to 147.575, the legislature has faithfully attempted to create procedural mechanisms for victims to seek to enforce the rights created by Article I, sections 42 and 43, of the Oregon Constitution, while at the same time preserving the right of criminal defendants to, among other things, a speedy trial (Or Const, Art I, § 10: "justice shall be administered * * * without delay"). The legislature since has eased some of the statutory restrictions on appeal: In the wake of this court's dismissal of *Mann*, the legislature loosened the service requirements for the notice of appeal somewhat, modifying ORS 147.537 to add a new subsection (20) that allows the notice of appeal to be served by e-mail or by fax. Or Laws 2011, ch 659, § 4. Later events have shown, however, that additional legislative attention is necessary. The existing scheme for challenging trial court orders involving crime victims' rights apparently is unnecessarily confusing to the bar and trial bench. When constitutional rights are too constrained by procedural limitations, they effectively may become valueless.

I concur.